IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

    Plaintiff,

vs.                                No. CV 16-01275 WJ/LF

GREGG MARCANTEL, SECRETARY OF
CORRECTIONS, CENTURION HEALTH CARE
PROVIDERS, JOSE MARTINEZ, DOCTOR,
TISHA ROMERO, RN-BSN SERVICE ADMINISTRATOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915A and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the Complaint (Tort) filed by Plaintiff Nick James Gonzales in state court on September 29, 2016 and removed to this Court on November 21, 2016. (Doc. 1 at 5-17). The Court will dismiss all federal claims in the Complaint for failure to state a claim on which relief can be granted and will remand Plaintiff's state-law claims to state court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nick James Gonzales is an inmate incarcerated at the Penitentiary of New Mexico in Santa Fe. (Doc. 1 at 5). Gonzales has been diagnosed with a chronic health condition, Hepatitis C. (Doc 1 at2). Gonzales filed his Complaint (Tort) in the State of New Mexico, County of Santa Fe, First Judicial District Court on September 29, 2016. (Doc. 1). His Complaint alleges:

> "1. This is a tort suit authorized by the New Mexico Tort Claims Act, Chapter 41 N.M.S.A., by a corrections department prisoner who seeks damages for the following:

> (a) Negligence, Medical Malpractice, deliberate indifference to a serious medical issue '(but not limited to)' negligent supervision or cruel and unusual treatment, denial of rights secured by the Constitution, mental cruelty, etc."

(Doc. 1 at 5). The Complaint names, as Defendants, Gregg Marcantel, Secretary of Corrections, Centurion Medical Care Providers, Jose Martinez, doctor, and Tisha Romero, RN-BSN Service Administrator. (Doc. 1 at 5). The case was removed to this Court by Defendant Marcantel on November 21, 2016, based on allegations that Defendants violated Gonzales' federal constitutional rights. (Doc. 1 at 1-3).

Plaintiff Gonzales has filed two Motions to Deny and Dismiss Defendants' Removal, asking that the case be remanded to state court. (Doc. 4, 8). Gonzales has also filed a Motion for Reconsideration on All Pleadings Along With Plaintiff's Motion to Amend Complaint (Doc. 14) and a Petition for Protective Injunctive Preliminary Order (Doc. 19). Defendant Marcantel filed a Motion to Dismiss the case. (Doc. 3). Last, Defendant Marcantel also filed a Motion to Exclude Plaintiff's Request for Order to Show Cause and Request for Preliminary Injunction (Doc. 18).

The Court takes judicial notice that Plaintiff Gonzales filed a prior proceeding asserting the same claims in this Court, *Nick James Gonzales v. Corizon Health Care Providers, et al.*, NO. CV 15-00890 WJ/GJF. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972)(a district court may take judicial notice of its own records). In his prior suit, Plaintiff also contended that the treatment of his Hepatitis-C condition by prison officials constituted deliberate indifference to serious medical needs in violation of his Eighth Amendment rights to be free of cruel and unusual punishment. (CV 15-00890 WJ/GJF Doc. 1). The Court concluded that, although Plaintiff's allegations might state a claim for medical malpractice or negligence under state law,

they did not rise to the level of an Eighth Amendment violation and dismissed his federal claims without prejudice. *See* CV 15-00890 WJ/GJF Doc. 36).

## **DISMISSAL FOR FAILURE TO STATE A CLAIM**

Plaintiff Gonzales is proceeding pro se. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

3

**ANALYSIS OF PLAINTIFF'S CLAIMS**

Plaintiff Gonzales originally filed this proceeding in state court as a tort action under the New Mexico Tort Claims Act. (Doc. 1 at 5). However, his Complaint also alleges deliberate indifference to serious medical needs in violation of his rights under the Constitution. (Doc. 1 at 5). Plaintiff's Complaint does not expressly allege causes of action under 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Therefore, the Court construes the portions of Gonzales' Complaint alleging claims for violation of rights under the U. S. Constitution as civil rights claims brought under 42 U.S.C. § 1983.

In this case, Plaintiff claims that the Defendants' failure to treat and cure his Hepatitis-C constitutes deliberate indifference and deprives Plaintiff of rights and privileges secured by the Constitution. (Doc. 1 at 6, 9). The attachments to Plaintiff's Complaint indicate that prison medical officials are monitoring Plaintiff's Hepatitis-C and providing him with medical care. The medications that cure Hepatitis-C are given on a priority system based on laboratory results and Plaintiff is not a priority candidate for those medications. (Doc. 1 at 10-11). Consistent with the Court's prior holding in CV 15-00890 WJ/GJF, the Court concludes that, while Plaintiff's allegations may state a claim for medical malpractice or negligence under state law, they fail to state a claim for relief under 42 U.S.C. § 1983.

As the Court has previously stated, determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective

component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006); *Kikumura v. Osagie,* 461 F.3d 1269, 1291 (10th Cir.2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). For purposes of this Memorandum Opinion and Order, the Court accepts, as true, that Gonzales has a serious medical need. (Doc 1 at 6).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

The allegations of the Complaint do not state a plausible claim that Defendants are deliberately indifferent to Gonzales's medical needs. *Twombly,* 550 U.S. at 570. In the context of Hepatitis C, prison officials are not deliberately indifferent to an inmate's serious medical need when a physician prescribes a different method of treatment than that requested by the inmate. *See Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15–CV–0579, 2015 WL 6706587, at *2 (E.D.Cal. Nov. 3, 2015); *see, also, Johnson v. Frakes*, No. 8:16CV155, 2016 WL 4148231, at *3 (D.Neb. Aug. 4, 2016) (concluding that defendants' failure to provide Plaintiff with Harvoni, his requested course of treatment, did not constitute an Eighth Amendment violation); *Smith v. Corizon, Inc.*, No. 15–743, 2015 WL 9274915, at *6 (D.Md. Dec. 17, 2015) (finding that denial of an inmate's request for Harvoni treatment did not reflect deliberate indifference where inmate was seen by prison nurses, physician's assistants, and physicians for his chronic conditions,

including Hepatitis C). Similarly, the alleged facts in this case do not show that Defendants both knew of his Hepatitis C condition and deliberately chose to disregard it but, instead, show that prison officials have recognized Gonzales's serious medical condition and are monitoring it. (Doc. 1 at 9-10); *Martinez v. Beggs*, 563 F.3d at 1089.

Gonzales's allegations boil down to a contention that he has a constitutional right to a particular course of treatment or to be given a particular medication. The showing required to give rise to a cognizable Eighth Amendment violation is deliberate refusal to provide medical attention as opposed to a particular course of treatment. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006); *Green v. Branson,* 108 F.3d 1296, 1304 (10th Cir.1997). Medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir.1996). Prison health care providers remain free to exercise professional judgment and an inmate is not entitled to any particular course of treatment. *Dulany v. Carnahan,* 132 F.3d 1234, 1240 (8th Cir.1997). S*ee also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (holding that HIV-positive prisoner who believed he should receive a protease inhibitor in addition to certain drugs failed to state an Eighth Amendment claim).

The facts establish that Gonzales seeks to be given his choice of medication rather than the alternative monitoring chosen by the prison health care providers. (Doc. 22 at 12). The record shows a difference of opinion between the prison's medical staff, not a deliberate refusal to provide medical treatment. *See, e. g*., *Smart v. Villar*, 547 F.2d at 114; *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d at 1222. The allegations of the Complaint fail to state an Eighth Amendment claim for relief and will be dismissed under Fed. R. Civ. P. 12(b)(6). *Self v. Crum,* 439 F.3d at 1231; *Callahan* 471 F.3d at 1160. The Court does not reach the state-law

questions of the medical standard of care and whether Defendants' care and treatment violates that standard of care or constitutes negligence and, as set out, below, those claims will be remanded for determination by the First Judicial District Court.

**PENDING MOTIONS**

Also before the Court are Plaintiff's Motion to Dismiss Removal (Doc. 4), Plaintiff's Second Motion to Dismiss Removal (Doc. 8), Plaintiff's Motion for Reconsideration on All Documents and Along with Motion to Amend Complaint (Doc. 14), and Plaintiff's Petition for a Protective Injunctive Preliminary Order (Doc. 19). Because the Court is dismissing Plaintiff's federal claims, as set out, below, the Court is declining to exercise supplemental jurisdiction and will remand Plaintiff's state-law claims to state court. Therefore, the Court will also grant Plaintiff's Motion to Dismiss Removal and Second Motion to Dismiss Removal (Doc. 4 and 8). The Court will deny Plaintiff's Motion for Reconsideration on All Documents Along With Motion to Amend Complaint (Doc. 14) and Petition for a Protective Injunctive Preliminary Order (Doc. 19) as moot.

Defendant Gregg Marcantel has filed a Motion to Dismiss (Doc. 3). Defendant Marcantel seeks dismissal of the case on the grounds that Plaintiff filed a Notice of Withdrawal. (Doc. 3 at 1, 3). Defendant Marcantel filed his removal of this action on November 21, 2016. (Doc. 1). Plaintiff Gonzales filed his Notice of Withdrawal in the First Judicial District Court on December 7, 2016, after removal of the case. (Doc. 3 at 3). The filing of Defendant Marcantel's Notice of Removal divested the First Judicial District Court of jurisdiction on November 21, 2016. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 437 (1974). Any post-removal actions taken in the state court after removal are void *ab initio. Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d

981, 1008 (D.N.M. 2016). Plaintiff Gonzales has not filed a Notice of Withdrawal in this Court and his filings have shown an intent to continue to prosecute this proceeding. The Court will deny Defendant Marcantel's Motion to Dismiss.

Last, Defendant Marcantel has filed a Motion to Exclude Plaintiff's Request for an Order to Show Cause and Preliminary Injunction (Doc. 18). Because the Court has denied Plaintiff's Petition for a Protective Injunctive Preliminary Order as moot, the Court will also deny Defendant Marcantel's Motion to Exclude as moot.

## REMAND OF STATE LAW CLAIMS

Plaintiff Gonzales originally filed his Complaint in the First Judicial District Court of the State of New Mexico. He alleges that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1, *et seq.* (1978). (Doc. 1 at 5). In addition to alleging violation of his U.S. Constitutional rights, Gonzales asserts medical negligence and medical malpractice claims and contends that his rights under the New Mexico Constitution have been violated. (Doc. 1 at 5, 9).

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. at 715,

726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Gonzales's remaining state-law claims, and will remand this proceeding to state court for adjudication of those state-law claims.

**IT IS ORDERED:**

(1) Plaintiff Nick James Gonzales's Motion for Reconsideration on All Documents Along With Motion to Amend Complaint (Doc. 14), Plaintiff Gonzales's Petition for a Protective Injunctive Preliminary Order (Doc. 19), Defendant Gregg Marcantel's Motion to Dismiss (Doc. 3), and Defendant Marcantel's Motion to Exclude Plaintiff's Request for an Order to Show Cause and Preliminary Injunction (Doc. 18) are **DENIED**;

(2) All federal claims in Plaintiff Nick James Gonzales's Complaint (Tort) (Doc. 1 at 5-17) are **DISMISSED** for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6);

(3) The Court declines to exercise supplemental jurisdiction and **GRANTS** Plaintiff's Motion to Deny and Dismiss Removal (Doc. 4) and Plaintiff's Second Motion to Deny and Dismiss Removal (Doc. 8); and

(4) This case is **REMANDED** to the State of New Mexico, County of Santa Fe, First Judicial District Court for adjudication of Plaintiff Gonzales's state-law claims.

_____
UNITED STATES DISTRICT JUDGE